[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: September 15, 1995
Date of Application: September 29, 1995
Date Application Filed: October 2, 1995
Date of Decision: October 26, 1999
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket Nos. CR 94-451070; CR 87-32658.
Margaret P. Levy, Defense Counsel, for Petitioner.
Victor Carlucci, Assistant State's Attorney, for the State. CT Page 14877
SENTENCE AFFIRMED
 BY THE DIVISION
The petitioner was found to be in violation of probation on September 15, 1995. After determining that the remedial purposes of probation would not be served, his two probationary terms were revoked and he was sentenced to two consecutive five year terms, for an effective sentence of ten years. His convictions for violation of probation were affirmed in a per curiam decision at44 Conn. App. 902 (1997).
The underlying convictions were as follows:
On August 11, 1988 he was sentenced to a term of eight years, execution suspended after three years with probation for four years. His probation commenced on his release from incarceration. That 1988 conviction involved a gang related shooting where the petitioner was convicted of Assault, 1st degree.
His second underlying conviction was on February 23, 1994 when he was convicted of unlawful restraint and sentenced to a term of five years execution suspended with probation for three years. (In 1994, he was not violated on the 1988 conviction).
While on probation from the foregoing sentences, the petitioner was charged with violation of probation. After a hearing the Court found the petitioner had committed the criminal offenses of kidnaping, larceny and attempted larceny in the first degree. This crime involved holding a victim in an attempt to extract ransom.
The petitioner asks that the sentences for violation of probation be made to run concurrently rather than consecutively, because, he claims, he believed he had completed his 1988 sentence and was not aware he had two probationary sentences over his head, and a ten year sentence is unduly long. There was, however, evidence that in November 1994, the petitioner was made aware of his two suspended sentences and that was only some two CT Page 14878 months before he committed his most recent crimes.
In any event, this Division is empowered to modify a sentence only if it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. See Connecticut practice Book § 43-28.
The sentences originally imposed in 1988 and 1994 were clearly reasonable and appropriate. It is noteworthy that, even after a sentence of incarceration in 1988, the petitioner subsequently got a fully suspended sentence in 1994. It is also noteworthy that he had multiple convictions between 1988 and September 1995, and instead of taking advantage of probation, the petitioner picked up multiple new convictions which included four felony convictions and two misdemeanor charges.
The violation of probation stems from the commission of the heinous crime of kidnaping for ransom. It is obvious that public protection is, appropriately, an important consideration in determining the sentence to be imposed.
Reviewing this sentence under our mandated guidelines, the Division finds it to be appropriate and proportionate. Accordingly, it is affirmed.
KLACZAK, J.
O'KEEFE, J.
IANOTTI, J.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.